FILED 30 JUN '16 13:49 USDC ORE

Tad Alan Patterson
1819 Kingsley Road #20
Eugene Oregon
[Zone Improvement Plan 97401]

E-Mail:

In Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE

| | |
|---|---|
| Tad Alan Patterson<br><br>Plaintiff(s),<br><br>vs.<br><br>OREGON DEPARTMENT OF REVENUE, STATE OF OREGON, Kris Kautz, Alex Anderson, Revenue Agent Martin, supervisor, Revenue Agent Sandy, DOES I through X,<br><br>Defendant(s). | Case No. 6:16-cv-1344-JR<br><br>**VERIFIED ACTION-AT-LAW FOR COMPLETE LACK AND WANT OF STANDING.**<br><br>**VERIFIED**<br><br>**AMENDMENT VII TRIAL BY JURY IS HEREBY DEMANDED**<br><br>(ORIGINAL) |

## ACTION-AT-LAW

Plaintiff, Tad Alan Patterson, (hereinafter, "Plaintiff"), in this ACTION AT LAW, herein complains of the Defendants as named above, and each of them, as follows:

### I. THE PARTIES

1.  Plaintiff #1, Tad Alan Patterson, the "natural person", (Bouvier's Law Dictionary, 1856) one of the sovereign Nationals on the land (not a corporation and

1

**VERIFIED ACTION-AT-LAW**
**Patterson v. Kautz. Et al**

not a privilege entity, rebutting the "presumption") (Please see JUDICIAL NOTICE, infra) now, and at all times relevant to this action at law makes his home in Lane County of the Oregon state Republic, who has been injured, the proximate cause of which is by the actions of Defendants, and other unknown persons ("DOES").

    2.      Defendant #1, Kris Krautz, (hereinafter "Defendant") is a tax collector for the OREGON DEPARTMENT OF REVENUE ("ODOR") is sued in her official and individual capacity for her ultra vires acts for injuries suffered by Plaintiff at the hands of its agency, the Department of Revenue, its officers, employees, agents, and servants, who, in her official and individual capacities is aware, or well should be aware of the lawful rights of Plaintiff, has caused great harm to Plaintiff, either knowingly, or by acquiescence by silence to the numerous verified claims of Plaintiff to Defendant #1's officers, employees, or agents via certified USPS mail, return receipt requested. *(Notice to Agent is Notice to Principal. Notice to Principal is Notice to Agent.)*

    3.      Defendant #2, Alex Anderson, (hereinafter "Defendant") is a tax collector for the OREGON DEPARTMENT OF REVENUE ("ODOR") is sued in his official and individual capacity for his ultra vires acts for injuries suffered by Plaintiff at the hands of its agency, the OREGON DEPARTMENT OF REVENUE, its officers, employees, agents, and servants, who, in his official and individual capacities is aware, or well should be aware of the lawful rights of Plaintiff, has caused great harm to Plaintiff, either knowingly, or by acquiescence by silence to the numerous verified claims of Plaintiff to Defendant #1's officers, employees, or agents via certified USPS mail, return receipt requested. *(Notice to Agent is Notice to Principal. Notice to Principal is Notice to Agent.)*

    4.      Defendant # 3, OREGON DEPARTMENT OF REVENUE is a governmental agency charged with the collection of income taxes from those privileged entities, including but not limited to companies, corporations, LLCs, partnerships, and those working for the government in various positions, but not from

2

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**

those who are a natural man who "exchange" (a legal distinction being made) their labor, manual or intellectual, for "compensation", id est., "Nontaxpayers"(a legal distinction being made). (*Long v Rasmussen*, 281 F. 236, AT 238, (1922)); CFR § 31.3402(e)-1)

5. Defendant # 4, STATE OF OREGON, is the federal STATE overlapping Oregon state republic, the government to which ODOR reports, and is responsible for the actions and omissions of its departments and agencies.

6. Defendant #5, DOES, (hereinafter "Defendant") including but not limited to Agent Martin, supervisor, and Agent Sandy, who at the time of filing this action-at-law are unknown agents and debt collectors for the Oregon Department of Revenue ("ODOR") are sued in their official and individual capacity who may become known during this Trial *by* a Jury of My Peers, for their ultra vires acts for injuries suffered by Plaintiff at their hands and of their agency, the ODOR, its officers, employees, agents, and servants, who, in their official and individual capacities are aware, or well should be aware of the lawful rights of Plaintiff, have caused great harm to Plaintiff by their ultra vires acts, either knowingly, or by acquiescence by silence to the numerous verified claims of Plaintiff to Defendant #1's officers, employees, or agents via certified USPS mail, return receipt requested. *(Notice to Agent is Notice to Principal. Notice to Principal is Notice to Agent.)* (Hereinafter all defendants are jointly referred to as "Defendant.")

7. All Defendants may be referred to in the singular and the plural and is no distinction as to gender without prejudice.

8. Plaintiff will amend this Action-At-Law to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore allege, that at all relevant times mentioned in this Action-At-Law, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such acts or omissions are the proximate cause of the injuries to Plaintiff.

3

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**

9. Plaintiff Tad Alan Patterson has chosen this documented method of an Attestation and Affidavit by Verified Declaration and by the attachments hereto, re: (1.) Setting the appealable record, and (2.) Lawfully shifting the legal burden *to the opposition*, to either accept the Facts as stated in the past and herein below, by a non-response, or, in the alternative, to respond timely and place contrary Facts and superior Law into the record, in Sworn and Notarized Affidavit form, and to present them to the named Plaintiff within twenty (20) days, so we can either accept the facts of Defendant, or, on the contrary, reject them by presenting additional facts that will support his stated facts.

10. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, each of the Defendants were the officers, employees, agents or servants of Defendant #3 and/or #4, and that their acttions and omissions of the things alleged herein below, were done under the color of law, ultra vires, individually, or, in concert in a constructive conspiracy to deprive Plaintiff of his natural rights as guaranteed by well-settled, and long held American Law and Jurisprudence.

## II. JURISDICTION AND VENUE

11. The actions and events which of the subject matter of this Action-At-Law are Federal Questions of great Public Interest. All occurred within Lane county and the underlying Oregon state Republic, pursuant to the Constitution for the United State of America, U.S.C.A. Title 42 Section 1983, 1985 & 1998 by virtue of Title 18, Sections 1331, 1367(a), and the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USCS Sections 1961 et seq.).

12. Venue lies on the original, underlying Lane county in the original, underlying Oregon state Republic where all actions in this matter have taken place, per Title 28, U.S.C. §1391(b).

## III. PRO SE STATUS OF PLAINTIFF

13. While Plaintiff has attempted to draft, file, and serve this ACTION-AT-LAW and in personam and in rem jurisdictional challenge according to his best

4

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**

knowledge, information and belief regarding his Unalienable Rights as originally declared in the 1776 A.D., Unanimous Declaration of Independence, and as later protected by the American Law of the Land, and its Common-Law, we sincerely believe that we can justifiably rely, if necessary, on the old MAXIM that clearly states: **"Substance is more important than Form,"** and we also believes that we can also justifiably rely on the UNITED STATES SUPREME COURT Case, entitled, <u>Haines v. Kerner</u> (See Judicial Notice, Memorandum of Law, hereinafter "LAW", Pro Se)

> **"Pro Se action-at-laws are held to less stringent standards than formal pleadings by lawyers, and regardless of who represents the Plaintiff, a motion to dismiss is not to be granted unless it appears beyond doubt that the Plaintiff's can prove no set of facts which would entitle him to relief."**
>
> **"Pro Se complaints are held to less stringent standards than formal pleadings by lawyers, and regardless of who represents the Plaintiff, a motion to dismiss is not to be granted unless it appears beyond doubt that the Plaintiff's can prove no set of facts which would entitle him to relief."**
>
> **Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient... which we hold to less stringent standards than formal pleadings drafted by lawyers." Fortney v. U.S., C.A.9 (Nev.) 1995, 59 F.3d 117. "The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972) stated that all litigants defending themselves must be afforded the opportunity to present his evidence and that the Court should look to the substance of the complaint rather than the form, and that a <u>minimal amount of evidence is necessary to support contention of lack of good faith</u>."** (emphasis added)
>
> **"<u>The pleadings of one who pleads pro se for the protection of civil rights should be liberally construed.</u>" Blood v. Margis, 322 F. 1086. "Pro se litigants pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state <u>valid claim on which litigant could prevail</u>, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax**

5

VERIFIED ACTION-AT-LAW
Patterson v. Kautz. Et al

and sentence construction, or litigant's unfamiliarity with pleading requirements." **Simmons v. Abruzzo, 49 F.3d 83 (2nd Cir. 1995); Ferrari v. Town of Nassau, 11 F. 3d 21 (2nd Cir. 1993); Boag v. MacDougal, 454 U.S. 364 (1982); Haines v. Kerner, 404 U.S. 519 (1972).** (emphasis added)

**B. Platshy v. CIA, 952 F. 2d 25, 26, 28 (2nd Circuit 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." Sims v. Aherns, 271 SW 720 (1925)**

**Model Code of Judicial Conduct, R. 2.6(A), 2.2. to "accord to every person in a proceeding the right to be heard according to law"**

### IV.  STANDING

14.   Plaintiff has standing to bring this claim due to the distinct and palpable injury, infra, "fairly traceable directly to the Defendant's alleged unlawful conduct and likely to be redressed by the requested relief." (See LAW, Standing)

### V.  INTRODUCTION

15.   The instant matter is an "Action-At-Law" for trespass on the case brought by Plaintiff, "nontaxpayer(s)"[1], pursuant to well settled, long held decisions of the Supreme court of the United States of America (See, LAW, all Supreme Court decisions) due to distinct and palpable injury "fairly traceable to the Defendants', one and all, known and unknown. for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages, and for a Preliminary Injunction, or Temporary Restraining Order, in order to prevent further

---

[1]  LONG V. RASMUSSEN, 281 F. 236, AT 238, (1922): ALSO ECONOMY HEATING AND PLUMBING CO. V. U.S., 470 F. 2D 585 (U.S. CT. OF CLAIMS 1972), 124, 194: "The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to non-taxpayers. The latter are without their scope. No procedure is proscribed for nontaxpayers and no attempt is made to annul any of their rights and remedies in due course of law. With them Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws."

injuries to Plaintiff until this matter is decided, in the interest of the status quo, justice, and in judicial economy.

16. This record, after Discovery and testimony of all witnesses, will then be available for the consideration of the FACT FINDERS, those jurors who DETERMINE THE LAW in an Amendment VII, TRIAL *BY* JURY, wherein the judge serves to keep the peace and ensure order, so that they may make an informed, educated, and knowledgeable judicial determination in the form of a requested STATEMENT OF FACTS AND CONCLUSION OF LAW on each and every issue herein presented. (See LAW, Attestations and Affidavits, Evidence)

17. Plaintiff alleges no more than "a minimal amount of evidence is necessary to support contention of lack of good faith" (See LAW, Pro Se) to support his claim. Any delay by granting a Preliminary Injunction or a Temporary Restraining Order (TRO) against Defendant garnishing earnings of Plaintiff, which they have said shall begin immediately (EARNING WITHHOLDING ORDER FOR TAXES) will make no difference to Defendant, but will prevent irreparable harm to both Plaintiff whose livelihood depends on the "wages" of Plaintiff #1 who is a "non-taxpayer", which wages have no "gain or profit" and are not "taxable" (See LAW, for each term in quotation marks).

18. Defendant(s) claims jurisdiction over Plaintiff, has labeled Plaintiff with the appellation "taxpayer", declared that Plaintiff has "income" as an "employee" or that is "derived from" a "trade or business", and is therefore "subject to" Title 26, USC and "required" to file annual "tax returns". (See LAW, for each term in quotation marks)

19. Plaintiff has, repeatedly, timely rebutted Defendant's claims of jurisdiction, which is a Prima Facie Case which shifts to DEFENDANT the Burden to go forward with Evidence to rebut Facts presumed. People v Wong Sang Lung, 3 CA 221, 84 P 843; Gulle v. Boggs, Fla., 174 So.2d 26, 28.

7

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**

20. Each and every rebuttal of Plaintiff has been met by "acquiescence" by "silence" on the part of Defendant, thereby DEFAULTING, granting tacit agreement and approval to each and every one of Plaintiff's statements of material fact, and is "estopped" from further action against Plaintiff.

### VI. FIRST CAUSE OF ACTION
### TRESPASS ON THE CASE

**Defendant Has No Standing to Take Property of Plaintiff.**

21. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, the AFFIDAVIT IN SUPPORT OF THIS ACTION AT LAW as though fully set forth herein.

22. For Trespass on the Case: a. Plaintiff has been injured by Defendant by the un-Constitutional statutes, codes and regulations (See LAW, AMERICAN JURISPRUDENCE, VOL 16, SECOND EDITION, Section 177.) by the ODOR "distraint" of Plaintiff' property. b. Plaintiff has been injured by Defendant "willfully", or in error, failing to halt the wrongful taking of Plaintiff' property, and failing to correct their acts or omissions after timely Notice. c. Defendants are charged by their [oaths of] office to enforce the law, statutes, codes and regulations, not just of Oregon, but of the United States of America. d. All damages were proximately caused by said wrongful acts and omissions, infra. (See LAW, Distraint, Oaths)

23. Plaintiff alleges Defendant, one and all, have injured Plaintiff, are in breach of their oath of office, thereby losing any alleged immunity, acting under color of law, and individually and personally liable for said acts or omissions.

24. Defendants did, in fact, record liens in the public record, garnish the earnings of Plaintiff, threaten Plaintiff with penalties, fines and interest for actions to which Plaintiff is not subject by law, and seize the property of Plaintiff for said alleged penalties, interest and fees.

8

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**

25.     Recognition of Plaintiff's natural and Constitutionally guaranteed and secured property rights and to DUE PROCESS OF LAW have been disregarded throughout the entire time, which has affected interstate commerce.

26.     The named Defendant and alleged Creditor had a constitutionally mandated PRIMARY DUTY and responsibility to provide DUE PROCESS OF LAW precedent to the taking of property of Plaintiff.

27.     Plaintiff declares that solely by reason of all the foregoing actions and inactions by the named Creditor, above-described wrongs which are the proximate cause of the loss of property, emotional distress and suffering, the related social injury, and the financial injury, costs, expenses, and loss of earnings, and reputation in an amount to be shown and proven at trial.

28.     Plaintiff in no way instigated, caused or contributed to the complained of conduct, and timely rebutted each such threat.

## VII.
## A FEDERAL QUESTION OF GREAT INTEREST TO MANY AMERICANS

**Does the STATE OF OREGON, the Oregon State (a legal distinction being made), the legislative, executive or judicial branch thereof, any corporation (agency), its officers, employees, agents or servants have the legal or lawful authority to disregard and trample on the natural rights of Plaintiff to property, or to ignore, subvert or overturn the well settled, long held decisions of the Supreme Court of America?**

29.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, the AFFIDAVIT IN SUPPORT OF THIS ACTION AT LAW as though fully set forth herein.

30.     Each of the several states has drawn and approved the Constitution that rules that state. Each of those constitutions has been approved and accepted by Congress under the rules of the Constitution for the United States of America.

31.	The Constitution for the United States of America is the "supreme law of the land". (See LAW, Constitution, Article VI)

32.	Upon information and belief Plaintiff alleges NO state, or officer, employee, agency or agent thereof, has any authority to overturn any decision of the Supreme Court of the United States of America.

## JUDICIAL NOTICE

33.	Plaintiff re-alleges and incorporates by reference all preceding paragraphs, and all the attachments hereto, and all the probative, court admissible evidence that shall be introduced throughout this trial by jury as though fully set forth herein.

34.	Plaintiff requests this Honorable Court take Mandatory Judicial Notice of all citations, infra, and those in the attached JUDICIAL NOTICE of all attachments.

## CONCLUSION

*Now then*, Plaintiff in this instant matter having been injured as declared by the material FACTS, supra, and all attachments, all acts or omissions of Defendant were based upon fraud, deceit, misrepresentation, Lack of Full Disclosure, concealment, denial of due process and constructive conspiracy, this Honorable Jury must, as a matter of law and in the interest of justice find in favor of Plaintiff and as against all Defendants.

Plaintiff alleges no state statute, code, or administrative regulation of the state, its legislative, executive or judicial branches, its officers, employees, agents or servants have the authority to supersede, overturn, or circumvent the "Supreme Law of the Land", the Constitution for the United States of America, circa 1791, with its Bill of Rights (as long held by the Supreme Court of the United States of America) which "Constitutional provisions for the security of personal property…" (See LAW, BOYD V. U.S. 116 U.S. 635.) which Defendant seek to overturn by Defendant's actions and omissions, and alleges there is no probative, court admissible evidence to the contrary.

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**

Whereas, as there appearing no admissible evidence in the record that Plaintiff's have any reportable "income", are completely "subject to" the federal and Oregon tax code as it now stands, in the interest in Judicial Economy, now then,

Plaintiff respectfully request this action-at-law Honorable Jury:

1. Issue a Verdict that Defendants are guilty of:
    a. Trespass on the Case;
2. Return a decision that Plaintiff is a "nontaxpayer" as a matter of law; and,
3. Issue an Order that Defendants, one and all, Cease and Desist from all collection activity against Plaintiff until such time Plaintiff may have a taxable event, as a matter of law, and in the Interest of Justice; and,
4. Issue an Order for the return of all property garnished, or otherwise taken from Plaintiff, and,
5. Issue an Order for General Damages to the credit of Plaintiff in the amount of $10,000.00, or some other amount of Lawful Money of Account of the United State from each known and unknown Defendant who shall have be identified throughout this Trial By Jury; and
6. Issue an Order for Punitive Damages to the credit of Plaintiff in the amount of $10,000.00, or some other amount of Lawful Money of Account of the United State from each known and unknown Defendant who shall have be identified throughout this Trial By Jury; and
7. Issue an Order for damages for Pain and Suffering in the amount of $10,000.00, or some other amount in the Money of Account of the United State from each known and unknown Defendant who shall have be identified throughout this Trial By Jury; and
8. Issue an Order for other damages allowed by Federal Law that this Honorable Court deems Just and Proper.

///
///
///

11

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**

     Executed by the voluntary act of My own hand in Township and dated this twenty-eighth day of the sixth month, in the year two thousand and sixteen.

*[signature]*
Tad Alan Patterson, Plaintiff, In Pro Se

12

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**

## VERIFICATION

I/We, the undersigned, attest and declare that:

I have read the foregoing action at law in the matter of **VERIFIED ACTION-AT-LAW FOR COMPLETE LACK AND WANT OF STANDING**, and know the contents thereof.

I am a party to the above entitled action or Action.

I attest and declare under the pains and penalty of perjury of the Laws of the Oregon Republic state and *these* United States of the America, that the foregoing is correct and complete to the best of My knowledge, information and belief, and that this Verification is executed by the voluntary act of My own hand in Township and dated this twenty-eighth day of the sixth month, in the year two thousand and sixteen, Anno Domini, in the Two-Hundred and fortieth year of the Independence of America.

*[signature]*

Tad Alan Patterson, All Rights Reserved
UCC 1-308, Without Prejudice

13

VERIFIED ACTION-AT-LAW
**Patterson v. Kautz. Et al**