IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAD ALAN PATTERSON,

           Plaintiff,

v.

OREGON DEPARTMENT OF REVENUE, et al.,

           Defendants.

Case No. 6:16-cv-01344-JR

ORDER

MCSHANE, Judge:

On July 27, 2016, plaintiff Tad Alan Patterson, proceeding *pro se*, moved for an emergency *ex parte* hearing for a preliminary restraining order against defendants. ECF No. 14. This morning, Patterson renewed his request for an emergency preliminary injunction. ECF No. 16. Patterson apparently wishes for this court to issue an order restraining defendants from garnishing Patterson's wages in collection of alleged unpaid taxes. Because Patterson fails to establish any likelihood of success on the merits, his motion for a preliminary injunction is DENIED.

1 –ORDER

**STANDARDS**

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995). The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

**DISCUSSION**

In the complaint, Patterson alleges he is a resident of Lane County, Oregon. Patterson acknowledges the Oregon Department of Revenue ("ODOR") may collect income taxes from certain "privileged entities," such as corporations, LLCs, and partnerships. *See Compl.* ¶ 4. Patterson alleges, however, that the ODOR lacks authority to collect income taxes from other individuals, apparently including Patterson. *Id.* (ODOR may not collect "from those who are a natural man who 'exchange' (a legal distinction being made) their labor, manual or intellectual, for 'compensation", id es., "Nontaxpayers" (a legal distinction being made).") As best the court can make out, Patterson seeks to be labelled a "nontaxpayer" and prevent defendants from attempting to collect any alleged taxes.

2 –ORDER

Yesterday, defendants filed a motion to dismiss. ECF No. 15.  Among other arguments, defendants allege this court lacks subject matter jurisdiction 28 U.S.C. § 1341, The Tax Injunction Act. That act states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy  or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

*Id.*

So long as a taxpayer has state law remedies available, federal courts may not weigh in on the validity of a state tax. *Patel v. City of San Bernadino*, 310 F.3d 1138, 1140 (9th Cir. 2002). Oregon law provides for administrative, ORS 305.270, and judicial, ORS 305.445, challenges to ODOR determinations. At this stage, Oregon law appears to allow for "a plain, speedy and efficient remedy" in Oregon courts. Therefore, it appears this court lacks subject matter jurisdiction over Patterson's claims. *Air Polynesia, Inc. v. Freitas*, 742 F.2d 546, 547 (9th Cir. 1984).

## CONCLUSION

Because Patterson does not demonstrate the likelihood of success on the merits of his claims, his motions for a preliminary injunction are DENIED. This conclusion is not a ruling on the merits of Patterson's claims. *Sierra On-Line, Inc.*, 739 F.2d at 1422. Patterson may respond to defendants' motion to dismiss and renew the motion for injunctive relief at a later time.
IT IS SO ORDERED.

DATED this 2nd day of August, 2016.

/s/ Michael McShane
Michael McShane
United States District Judge

3 –ORDER